# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv177

| TONYA WEDDLE, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| Vs. | ) | ORDER |
| FRANK LANSDEN, M.D.; and THE UNITED STATES OF AMERICA, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(c), and upon the United States's Motion to Dismiss Frank Lansden, M.D. As reflected in ECF, plaintiff's response to such motion was due to be filed not later than November 29, 2010. Review of the court's docket on November 30, 2010, revealed that no response had been filed within the time allowed. For the reasons that follow, the undersigned will allow the United States's Motion to Dismiss and Dr. Lansden will be dismissed as a party to this litigation.

### FINDINGS AND CONCLUSIONS

**I.     Background**

This is a medical malpractice action in which plaintiff contends that he received negligent medical care at a Veterans Administration hospital, a claim arising under the

1

Federal Tort Claims Act, 28, United States Code, Section 1346(b)(1). Complaint (hereinafter "Compl."), ¶ 1. Plaintiff contends that Dr. Lansden was her treating physician who performed surgery she contends was contra-indicated inasmuch as she was a smoker, Compl., ¶¶ 10-18, and which has allegedly resulted in deformity, corrective surgery, and pain and suffering. Id., at ¶¶ 26 & 27. Relevant to the pending motion, plaintiff specifically alleges that Dr. Lansden:

> at all times relevant herein, was a physician licensed to practice medicine in North Carolina, specializing in plastic surgery, and an employee and agent of the Asheville VA Medical Center and was acting within the scope and course of his employment.

Id., at ¶ 7.

## II. Applicable Standard

When ruling on a Rule 12(b)(6) motion,[1] "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the

---

[1] The United States has not identified in its motion the applicable Rule 12 provision. The court has applied the Rule 12(b)(6) standard inasmuch as it is not possible to state a claim against a federal employee sounding in tort for acts alleged committed within the scope of his or her employment.

court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### III. Discussion

In moving to dismiss, the government has argued that the United States of America is the real party in interest and the only party who can properly be a defendant in this matter. In general, Rule 17 provides in relevant part that "[a]n action must be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a)(1).

The United States of America, not its agencies or its employees, is the proper party for a suit sounding in tort. The basic jurisdictional statute--28 United States Code, Section 1346(b)--confers jurisdiction on a federal district court to hear claims sounding in tort against the United States, not against its agencies. This point is amplified in Section 2679(d)(1):

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted

as the party defendant.

28 U.S.C. § 2679(d)(1). Once the United States Attorney certifies that the employee was acting within his scope of employment, the plaintiff has the burden of persuasion

> to refute the certification of scope of employment issued by the Attorney General and to prove by a preponderance of the evidence that the defendants were not acting within the scope of their employment.

Borneman v. United States, 213 F.3d 819, 827(4th Cir. 2000)(citation omitted). In this case, as discussed above, not only has the United States Attorney, on behalf of the Attorney General, properly certified that Dr. Lansden was acting within the scope of his employment, *plaintiff* has also alleged that such physician was "acting within the scope and course of his employment" at the time of the alleged tortious acts. Compl., ¶ 7.

Therefore, Dr. Lansden is not properly a party to this action and the undersigned will dismiss him as a defendant and allow this action to proceed against the United States as the only proper party defendant.

## ORDER

**IT IS, THEREFORE, ORDERED** that the United States's Motion to Dismiss

Frank Lansden, M.D. (#6) is **ALLOWED**, and that Dr. Lansden is **DISMISSED** as a defendant and that this action proceed against the United States as the only proper party defendant

```
                    Signed: December 3, 2010
```

Dennis L. Howell
United States Magistrate Judge